SALLY KENNEDY vs. GLEASON BROTHERS, INC.
(and a companion case).[1]

Hampshire. April 13, 1982. — September 7, 1982.

Present: BROWN, ROSE, & DREBEN, JJ.

*Warehouseman's Lien. Landlord and Tenant*, Eviction.

Where tenants who were being evicted pursuant to G. L. c. 239, § 3, re-
   fused offers by deputy sheriffs to have their possessions placed and left
   on the sidewalk outside their apartments, failure by the mover to place
   the property on the sidewalk before removing it for storage did not
   deprive the mover of its lien under G. L. c. 239, § 4. [368-370]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on December 20, 1979, and February 14, 1980, re-
spectively.

The cases were heard by *Adams*, J., on motions for sum-
mary judgment.

*James A. Bisceglia* for the plaintiffs.
*Richard M. Howland* for the defendant.

ROSE, J. The plaintiffs brought separate suits in the Su-
perior Court seeking damages from the defendant for viola-
tion of G. L. c. 239, § 4, and for conversion. After the
cases were consolidated, the parties submitted a statement
of agreed facts. Following the plaintiffs' motion for sum-
mary judgment, the court ordered that judgment enter for
the defendant in both cases. See Mass.R.Civ.P. 56(c), 365
Mass. 824 (1974). The plaintiffs appeal from the judgments.

The essential facts are as follows. The plaintiffs Kennedy
and Liebling were tenants on whom separate summary
process executions were served pursuant to G. L. c. 239,
§ 3. Deputy sheriffs engaged the defendant to remove the

---

[1] Phyllis Liebling *vs.* Gleason Brothers, Inc.

plaintiffs' personal property from the apartments of their
landlord. In each instance, the defendant packed the prop-
erty while inside the apartments, and, except for a few boxes
of Kennedy's possessions which were initially placed on the
sidewalk outside the apartment, all the property was loaded
directly into a moving truck. Each plaintiff was present at
the time her property was removed by the defendant, and
each refused offers by the deputy sheriffs to have her posses-
sions placed and left on the sidewalk outside her apartment.
After removal, the property of both plaintiffs was put in
storage at the defendant's warehouse.

The plaintiffs each received bills from the defendant which
included charges for packing the property, loading it into
the moving truck, travel to the warehouse, unloading (Ken-
nedy only), "warehouse in" at the storage facility and month-
ly storage. Contending that the charges made by the defend-
ant covered services outside the scope of the lien authorized
by G. L. c. 239, § 4, the plaintiffs refused to pay the full
amounts billed by the defendant and, instead, each tendered
a check to the defendant which she claimed was sufficient to
satisfy all valid outstanding charges. Essentially, the plain-
tiffs deducted from the amounts charged what they estimated
would be the reasonable expenses incurred by the defendant
in packing their possessions while inside the apartments and
removing the property to the public sidewalk outside the
apartments. The defendant rejected the tenders made by
the plaintiffs and refused to release their property. Ulti-
mately, the plaintiffs tendered the total amounts claimed by
the defendant and recovered their property. They then
commenced these actions to recover damages suffered as a
result of the defendant's alleged wrongful detention of their
personal property.

1. The basic claim put forth by the plaintiffs hinges on
their interpretation of the statutory lien created by G. L.
c. 239, § 4, the relevant portion of which is set forth in the
margin.[2] The plaintiffs argue that the statute requires an

---

[2] General Laws c. 239, § 4, provides in pertinent part: "If an officer,
serving 'an execution' issued on a judgment for the plaintiff for possession

evicted tenant's possessions to be moved initially to the "sidewalk, street or way" abutting the tenement and that the defendant's failure to so "place" the property before loading it into the truck constituted a violation of the statute which prevented application of the lien. Alternatively, they argue that even if it is determined that they waived the statutory requirement that their possessions be placed on the sidewalk outside their apartments by refusing offers of the deputy sheriffs to have their possessions placed and left there, they nevertheless were not required to pay the defendant for those charges which would have covered the packing of possessions while inside the apartments and the removal of such property to the public sidewalk. They support this argument with the reasoning that the defendant would not have had a lien for those expenses if the plaintiffs had chosen to have their property left on the sidewalk.

We are not persuaded by the plaintiffs' arguments. The plaintiffs do not contend that the defendant should have continued to place their property on the sidewalk after each told it not to do so. Rather, they argue that the defendant's presumed charges for such activity do not constitute a lien. The statute provides that "[w]hoever accepts the [property] on storage . . . shall have a lien thereon for reasonable storage fees and for reasonable expenses of removing it to the place of storage." Where, as here, the tenants refused to allow the defendant to place their possessions on a public way outside their apartments, the statutory provision must be taken to include the removal of property from the apart-

---

of . . . tenements, removes personal property, belonging to a person other than the plaintiff, from the . . . tenements *and places it upon the sidewalk, street or way on which the . . . tenements abut,* he may forthwith . . . remove such property and cause it to be stored for the benefit of the owners thereof. *Whoever accepts the same on storage from such officer shall have a lien thereon for reasonable storage fees and for reasonable expenses of removing it to the place of storage . . . .* If the owner of such property is present and claims it when it is so removed from the . . . tenements, the officer shall not remove and store it, and his act of placing it upon the sidewalk or street shall be deemed the act of the owner, who alone shall be held to answer therefor." (Emphasis supplied.)

ment to the place of storage.[3]  Accordingly, we conclude that the liens claimed by the defendant regarding the plaintiffs' property were valid in their entirety.

2.  Because we conclude that the statutory liens claimed by the defendant were valid, we have no occasion to consider the plaintiffs' argument that the motion judge improperly denied their motions to amend their complaints to include a claim that the acts of the defendant violated G. L. c. 93A; such a claim would have been without merit.

*Judgments affirmed.*

---

[3] In passing, we note that the motion judge found that the plaintiffs made "no showing that the cost that would have been incurred if the properties had been removed from the sidewalk and stored would have been any less than the actual cost of removing the property from the apartment."